79 F.3d 1148
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel V. ALBARO, Petitioner-Appellant,
v.
Michael J. O'DEA, III, Respondent-Appellee.
 No. 95-5646.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1996.
 
 Before: KEITH, MARTIN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Daniel V. Albaro, a pro se Kentucky prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Albaro of two counts of murder and sentenced him to 40 years of imprisonment on each count. The Supreme Court of Kentucky affirmed the conviction on direct appeal.
 
 
 3
 After properly exhausting his state court remedies, Albaro filed his petition for habeas corpus relief, arguing that: 1) he was denied due process because the trial court's admonition to the jury to disregard inadmissible hearsay evidence failed to cure the error; 2) his Fourth Amendment rights were violated because the trial court did not suppress evidence obtained from his automobile during an illegal search and seizure; and 3) he was denied due process because the prosecutor encouraged the jury to sentence Albaro to a long term of imprisonment since the state had not sought the death penalty. The district court dismissed the petition. In his timely appeal, Albaro raises the first two claims.
 
 
 4
 As to Albaro's first claim, it is not clear from the record whether the witness heard the victim speak the words at issue or only learned of the utterance later. The state trial court may have jumped to an erroneous conclusion in ruling the testimony inadmissible; if the witness actually heard the victim speak, it does not seem to us that the hearsay rule would bar the witness from telling what she heard. There would be no problem with regard to the right of confrontation, of course, under this hypothesis. If the witness did not hear the victim speak, on the other hand, the fact that the jury was exposed to hearsay evidence did not render the proceedings fundamentally unfair, the state trial court having immediately instructed the jury to ignore the testimony and there being an abundance of other evidence that showed the defendant's guilt. See United States v. Chambers, 944 F.2d 1253, 1263 (6th Cir.1991), cert. denied, 502 U.S. 1112 (1992).
 
 
 5
 Albaro's second claim, challenging the legality of the search and seizure, is not cognizable on habeas review. See Stone v. Powell, 428 U.S. 465, 494-95 (1976).
 
 
 6
 Albaro does not assert his third claim on appeal; it is thus considered abandoned and not reviewable on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 7
 We affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.